IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN FLUG, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3070 |
| | ) | |
| v. | ) | |
| | ) | |
| CABELA'S, Inc., | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | ATTORNEY'S FEES |
| | ) | |

The defendant has filed a motion for an award of attorney's fees against the plaintiff. (Filing 87.) After carefully considering the defendant's motion, I find that it must be denied.

## I.  BACKGROUND

On May 22, 2007, the plaintiff filed a four-count amended complaint against the defendant. (See generally Am. Compl., filing 14.) Count I alleged that the defendant discriminated against the plaintiff on the basis of his disability in violation of state and federal law. (See id. ¶¶ 17-19.) Count II alleged that the defendant made "false and defamatory statements concerning Plaintiff to Plaintiff's potential employers." (Id. ¶ 20; see also id. ¶¶ 21-24.) Count III alleged that "[b]y discriminating and retaliating against the Plaintiff when he reported, opposed, and/or refused to carry out actions that he believed to be unlawful under federal and state law and/or unethical, and by terminating Plaintiff for the same reasons, Defendant willfully violated State and Federal Law including those designed to protect whistleblowers." (Id. ¶ 25; see also id. ¶ 26-27.) Finally, Count IV alleged that the "[d]efendant's intentional conduct caused Plaintiff severe emotional distress." (Id. ¶ 30; see also id. ¶¶ 28-29, 31.)

On December 14, 2007, the defendant moved for summary judgment on each of the plaintiff's claims. (See filing 68.) The plaintiff opposed the entry of summary judgment on Counts II and III, but did not resist the defendant's motion insofar as it was directed toward

1

Counts I and IV. (See filing 73.) In a memorandum and order dated January 28, 2008, I found that the defendant was entitled to summary judgment on each of the plaintiff's claims, (see filing 83), and a judgment was entered in favor of the defendant on February 27, 2008, (see filing 86). On March 12, 2008, the defendant filed the instant motion for attorney's fees. (See filing 87.)

## II. STANDARD OF REVIEW

"The well-settled 'American Rule' on the payment of attorneys' fees in federal litigation is that, in the absence of a statute or an enforceable contract, each party is responsible for his or her own fees." Actors' Equity Association v. American Dinner Theatre Institute, 802 F.2d 1038, 1041 (8th Cir. 1986) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 257 (1975)); see also Buckhannon Board and Care Home, Inc. v.West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 602 (2001). An example of a statute that creates an exception to the "American Rule" appears in the Americans with Disabilities Act of 1990 (ADA), which provides, "In any action . . . commenced pursuant to this chapter, the court . . . , in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. Title VII of the Civil Rights Act of 1964 contains a similar provision. See 42 U.S.C. § 2000e-5(k). See also 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in section[] . . . 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability . . . ."). The Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," "or that the plaintiff continued to litigate it after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 422 (1978). This same standard has been applied to claims for attorney's fees raised by prevailing defendants in ADA cases. See, e.g., Hall v. Hormel Foods Corp., No. 8:98cv304, 2000 WL 1062103, at *9-11 (D. Neb. July 10, 2000).

### III. ANALYSIS

The defendant argues that it is entitled to collect attorney's fees from the plaintiff under § 12205 because the plaintiff continued to litigate the claims alleged in Count I of the amended complaint even though it was clear that those claims were frivolous, unreasonable, or without foundation no later than September 10, 2007, at the conclusion of the plaintiff's deposition. The defendant submits the following specific points in support of this argument. First, the defendant claims that the plaintiff made "several, un-rehabilitated admissions during his deposition which made it clear that he was unable to establish a prima facie case of disability discrimination under the ADA and, thus, could not succeed on Count I of his Amended Complaint." (Def.'s Br., filing 88, at 8.) Second, the defendant submits that on September 12, 2007, defense counsel sent a letter to the plaintiff's attorney stating, among other things, that he should "be advised that we intend to file for summary judgment based on the multiple admissions of Mr. Flug made during his deposition, which will prevent him from succeeding on his claims." (Id. at 2 (quoting Def.'s Index, filing 89, Ex. 2 at 2).) Finally, and as I indicated above, the defendant notes that it filed a motion for summary judgment on all of the plaintiff's claims on December 14, 2007; that the plaintiff did not resist the defendant's motion insofar as it was directed toward Count I of the amended complaint; and that I granted the defendant's motion in its entirety on January 28, 2008. (See id. at 2-4.)

I am inclined to agree that the plaintiff's deposition testimony would have made it difficult for him to establish a prima facie case of disability discrimination. As the defendant correctly notes, to establish a prima facie case a plaintiff must show, inter alia, that he had a physical or mental impairment that substantially limited a major life activity, that he had a record of such an impairment, or that he was regarded as having such an impairment. See, e.g., Schuler v. SuperValu, Inc., 336 F.3d 702, 704 (8th Cir. 2003) (citing Cooper v. Olin Corp., Winchester Div., 246 F.3d 1083, 1087 (8th Cir. 2001); 42 U.S.C. § 12102(2)). In its summary judgment brief, the defendant argued persuasively that in light of the plaintiff's admissions, he would be unable to prove the first of these alternatives (i.e., that he suffered from an impairment that substantially limited a major life activity). (See filing 69 at 16-22.) In support of this argument, the defendant observed first that although there was evidence that the plaintiff suffered from

3

chemical dependency and alcoholism, he had been "clean and sober" for more than ten years. (See filing 69 at 16; Def.'s Index, filing 70, Ex. 10, Flug Dep. at 117:2-12.) In addition, the defendant argued that the plaintiff admitted that his impairment did not substantially limit his ability to perform the major life activities of walking, talking, seeing, hearing, performing "daily life activities" such as cooking and cleaning, and working. (See filing 69 at 16-18.) The defendant noted too that although the plaintiff claimed that "drinking" was required for him to perform his job with the defendant, he admitted that his abstinence would not prevent him from otherwise working in his "chosen profession." (See id. at 18-19.) In light of these admissions, it seems to me that under current law, it would be very difficult for the plaintiff to prove that he suffered from a substantially limiting impairment. See, e.g., Gretillat v. Care Initiatives, 481 F.3d 649, 652-53, 654 & n.5 (8th Cir. 2007). Nevertheless, I am not persuaded that the plaintiff's deposition testimony rendered his ADA claim "frivolous, unreasonable, or without foundation." I note, for example, that the relevant regulations state that one of the factors that "may be considered in determining whether an individual is substantially limited in the major life activity of 'working'" is the number of similar jobs within the "geographical area." 29 C.F.R. § 1630.2(j)(3). One of the pages of the plaintiff's deposition that has been cited by the defendant includes the following testimony:

> Q. So as far as being restricted to work in your chosen profession, you're certainly not limited - -
> A. No.
> Q. - - in any way?
> A. Geographically, yes; because out there in Sidney, Nebraska, there's only one company to work for, for data storage, so was kind of trapped.
> Q. If you had wanted to stay in Sidney, you mean?
> A. Yeah. There was no options for me in Sidney; I'd have to relocate back, and I had just put all of my assets up to get there.

(Def.'s Index, filing 70, Ex. 10, Flug Dep. at 191:7-19.) I express no opinion as to whether the plaintiff could, based on this testimony, establish that he suffered from an impairment that substantially limited his ability to work. Nor do I mean to suggest that this is the only argument the plaintiff might have raised in opposition to the defendant's motion; indeed, it is merely a point that appears on the face of the evidence referred to me by the defendant. I do find, however, that the defendant has failed to show that the plaintiff could not have raised a non-

frivolous, reasonable, well-founded argument in opposition to the motion for summary judgment.[1]

The defendant argues that the plaintiff's failure to respond to the defendant's motion for summary judgment on Count I of the amended complaint signifies "his recognition of [the ADA claim's] frivolity, unreasonableness, and lack of foundation." (Def.'s Br., filing 88 at 4.) I disagree. Although it seems to me that the absence of a response is relevant to the question at hand, it does not necessarily signify anything more than a concession that there is no genuine issue for trial and that the defendant is entitled to judgment as a matter of law on Count I.[2] The freedom to make this sort of concession is helpful to all of the parties and to the court, and I am not eager to apply a presumption that will deter parties from conceding weak claims out of fear of liability for fees.

---

[1] I have also considered the defendant's arguments that the plaintiff's admissions left him unable to prove that he had a record of a substantially limiting impairment or that his employer regarded him as having such an impairment, and I am not persuaded that the plaintiff could not have raised a non-frivolous, reasonable, and well-founded argument in opposition. In particular, the defendant's argument that the plaintiff's admissions foreclosed any claim that he was "regarded as" disabled seems relatively weak: although the plaintiff testified that none of his "coworkers" perceived him as having a limited ability to see, walk, talk, hear, or work for other companies, this is not evidence that the persons responsible for the decision to terminate him did not regard him as disabled. Cf. Roberts v. Unidynamics Corp., 126 F.3d 1088, 1093 (8th Cir. 1997) (holding that coworkers' observations of the plaintiff's physical condition "is insufficient to permit an inference" that the plaintiff's supervisors regarded him as disabled).

[2] I note that the local rules of this court provide that the "[f]ailure to file an opposing brief shall not be considered to be a confession of the motion, but shall preclude the nonmoving party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C). In this case, however, the plaintiff did not fail to file an opposing brief; rather, he merely elected not to resist the motion on all counts. In addition, his brief includes a concession that "[d]efendant makes some cogent arguments and raises some valid points," but that the "motion for summary judgment should not be granted in its entirety." (Filing 73 at 1.)

For the foregoing reasons, I decline to exercise my discretion to award attorney's fees to the defendant.

**IT IS ORDERED** that the defendant's motion for attorney's fees, filing 87, is denied.

Dated April 14, 2008

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge